**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> APPROXIMATELY 30,006 ETHER, *et al*., <br><br> Defendants *in rem*. | Civil Action No. 23-21819 (JXN)(JRA) <br><br><br> **OPINION** |

**NEALS**, District Judge

Before the Court is Plaintiff United States of America's (the "Government" or "Plaintiff")
motion to stay this civil forfeiture action pending resolution of a related criminal action pursuant
to 18 U.S.C. §981(g). (ECF No. 92.) Claimant Christopher Castelluzzo ("Castelluzzo" or
"Claimant") opposed the motion (ECF No. 95), and the Government replied in further support
(ECF No. 96). The Court has carefully considered the parties' submissions and decides this matter
without oral argument pursuant to Federal Rule of Civil Procedure[1] 78 and Local Civil Rule 78.1.
For the reasons set forth below, the Government's motion to stay is **GRANTED**.

I.      **BACKGROUND**

    1.  **Statement of Facts**

This is a civil action *in rem* for the forfeiture of digital currency, approximately 30,006
Ether; approximately 153,925.11 Cronos; approximately 244.23 Binance Coin; approximately
764.19 Solana; approximately 23,848.96 Cardano; approximately 32,232.24 Algorand;
approximately 299.48 Avalanche; approximately 0.49 Bitcoin; approximately 1,150.71 Polkadot;

---

[1] "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

approximately 1,589.32 Chainlink; approximately 17,208.48 Polygon; approximately 393 TrueUSD; and approximately 2,466.36 Uniswap (collectively "Defendant Property") pursuant to 18 U.S.C. §981(g). (Compl. ¶ 1, ECF No. 1.) The Government seeks forfeiture of the Defendant Property because it is the alleged proceeds of Castelluzzo's illegal narcotics sales. (*Id*. ¶ 2.) Specifically, in the Verified Complaint, the Government alleges that Castelluzzo and co-defendant Luke Atwell ("Atwell") "operated a highly lucrative business selling drugs" from 2010 through 2013, through which they obtained and distributed ecstasy, marijuana, cocaine, and other drugs in New Jersey. (*Id*. ¶¶ 7, 32.) In 2013, the Drug Enforcement Administration ("DEA") and agents from Homeland Security Investigations ("HSI") investigated the operation, leading to Castelluzzo's and Atwell's arrest in April 2013, after they accepted a controlled delivery of nearly 3 kilograms of methylone. (*Id*. ¶¶ 35–40.)

The Government alleges that while on pre-trial release, Castelluzzo and Atwell continued to sell narcotics on darknet marketplaces,[2] receiving payment in Bitcoin. (*Id*. ¶ 46.) During this period, Castelluzzo used Bitcoin traceable to their darknet sales to purchase Ethereum. (*Id*. ¶ 51.) Atwell managed their cryptocurrency holdings, while Atwell's and Castelluzzo's friend, Brian Krewson ("Krewson"), managed the Defendant Property. (*Id*. ¶¶ 7, 52.)

Beginning in early 2021, law enforcement monitored jail calls revealing that Castelluzzo, Atwell, and Krewson plotted to move the cryptocurrency offshore before law enforcement could seize it. (*Id*. ¶¶ 75–84.) On July 12, 2022, pursuant to a search warrant, law enforcement searched

---

[2] The Verified Complaint, defines "Darknet Marketplaces" as "commercial websites that are typically hosted as Tor onion services" and provides that they "primarily function as black markets where one can sell or broker transactions involving illegal drugs, cybercriminal tools (e.g., malware), weapons, counterfeit currency, stolen personally identifiable information, forged documents and identification credentials, and other illicit goods and services. BTC is the most common method of payment for products and services procured on darknet marketplaces." (*Id*. ¶ 27.)

Krewson's Colorado residence and seized the Defendant Property after Krewson consented to the transfer. (*Id.* ¶¶ 85–87.)

### 2. Procedural History

This action was commenced on November 2, 2023. (*See* Compl.) Castelluzzo filed a Verified Claim and Answer in the Civil Case. (ECF Nos. 70, 79.) Following several changes to Castelluzzo's initial *pro se* appearance and subsequent retention and change of counsel, the Court entered a Third Amended Scheduling Order setting a deadline for fact discovery of September 30, 2025. (ECF Nos. 86, 88.) On March 14, 2025, the Government exchanged written discovery requests with Castelluzzo's current attorney. (ECF No. 92 at 2.) On June 11, 2025, the Government wrote to Claimant's counsel advising it intended to abandon its First Claim for Forfeiture in this action, and recommending that counsel withhold any discovery responses. (*Id.*) Accordingly, on June 26, 2025, the parties filed a Partial Stipulation of Dismissal as to the First Claim of Forfeiture Only, which this Court entered on June 27, 2025. (ECF Nos. 90, 91).

On June 27, 2025, Castelluzzo was charged with conspiracy to commit money laundering in violation of Title 18, United States Code, Section 1956(h) (the "Criminal Case"). (*See* 25-mj-16093, ECF No. 1.)

On June 30, 2025, the Government filed the instant motion to stay the civil proceedings pursuant to 18 U.S.C. §981(g). (ECF No. 92.) Castelluzzo opposed the motion (ECF No. 95), and the Government filed a reply. (ECF No. 96). Additionally, the Government filed an *ex parte* declaration (under seal) in support. (ECF No. 97.) This motion is now fully briefed and ripe for the Court to decide.

## II.    **LEGAL STANDARD**

The Civil Asset Forfeiture Reform Act of 2000 provides that, "[u]pon the motion of the United States, the court *shall* stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." *United States v. One 1989 White Manta Vessel*, No. 22-0039, 2023 WL 3000431, at *1 (D.V.I. Mar. 14, 2023) (citing 18 U.S.C. § 981(g)(1) (emphasis added).

As defined in the statute, a "related criminal investigation or the prosecution of a related criminal case" means:

> [A]n actual prosecution or investigation in progress at the time at which the request for the stay, or any subsequent motion to lift the stay is made. In determining whether a criminal case or investigation is "related" to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors.

18 U.S.C. § 981(g)(4). "In order to trigger Section 981's mandatory stay provision, the Government need only make a threshold showing that discovery in the civil forfeiture matter will likely interfere with a related criminal investigation." *One 1989 White Manta Vessel,* 2023 WL 3000431, at *1 (citing *United States v. $600,980.00 in U.S. Currency*, No. 21-06965, 2022 WL 2284934, at *2 (C.D. Cal. Mar. 8, 2022)). Furthermore, "[t]he statute requires no particularized showing of prejudice or harm; all the Court need determine is whether civil discovery will likely interfere with the criminal investigation." *Id.*[3]

The statute further authorizes the use of *ex parte* declarations to facilitate the § 981(g)(1) application. 18 U.S.C. § 981(g)(5) ("[T]he Government may…submit evidence *ex parte* in order

---

[3] "Whenever a civil forfeiture proceeding is stayed pursuant to this subsection, the court shall enter any order necessary to preserve the value of the property or to protect the rights of lienholders or other persons with an interest in the property while the stay is in effect." 18 U.S.C. § 981(g)(6).

to avoid disclosing any matter that may adversely affect an ongoing criminal investigation or pending criminal trial."); *see also United States v. $305,000.00 in U.S. Currency*, No. 21-06968, 2022 WL 2284919, at *2 (C.D. Cal. Mar. 8, 2022) (allowing *ex parte* declaration to show that a criminal investigation is closely related to civil forfeiture action).

The Court will thus analyze the relatedness of the two actions and determine whether a stay is necessary to avoid "adversely affect[ing] the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." 18 U.S.C. § 981(g)(1).

## III.    **DISCUSSION**

The Government argues that a stay is necessary in this matter pursuant to 18 U.S.C. § 981(g) to protect its ongoing criminal investigation and prosecution of the criminal case. (ECF No. 92.) Specifically, it contends that allowing the civil case to proceed will create a detrimental impact on the criminal discovery process and would implicate Castelluzzo's Fifth Amendment rights. (*Id.*)

In opposition, Claimant contends that the Government's motion for a stay should be denied. (ECF No. 95.) Specifically, Claimant argues that the Government's motion is "based on nothing more than speculation" about the potential of adverse effects related to Claimant's discovery requests. (*Id.* at 6.) Moreover, Claimant disputes the Government's authority to rely on Claimant's rights against self-incrimination, stating that "a claimant's self-incrimination rights are not listed as a permissible basis for a stay under that [§ 981(g)(1)]. Those rights may only be asserted by Claimant through a motion under § 981(g)(2)." (*Id.* at 7.) Finally, Claimant asserts that a stay "raises serious due process concerns regarding the prolonged nature of this forfeiture proceeding." (*Id.* at 9.)

The Court finds that the balance weighs in favor of granting the Government's request for a stay. Here, the civil forfeiture proceeding and the Criminal Case are plainly "related" within the

meaning of § 981(g)(4). Both proceedings arise from the same operative facts: Castelluzzo's alleged narcotics distribution, his receipt of Bitcoin proceeds through darknet marketplaces, and the subsequent movement of cryptocurrency holdings. The parties and witnesses overlap substantially, and the Government would be required to prove nearly identical facts in both proceedings. *See United States v. GAF Fin. Servs., Inc.*, 335 F. Supp. 2d 1371, 1373 (S.D. Fla. 2004) (holding that criminal and civil cases are "related" under the statute where common facts, similar offenses, and common parties exist); *see also United States v. One 2008 Audi R8 Coupe Quattro*, 866 F. Supp. 2d 1180, 1184 (C.D. Cal. 2011) ("Given the overlapping facts and circumstances of the civil and criminal matters, the Court thus finds that the deposition [] will likely adversely affect the Government's ability to prosecute the criminal proceeding.").

Moreover, permitting civil discovery to proceed not only exposes the Government's criminal investigation to "early and broader civil discovery than would otherwise be possible in the context of the criminal proceeding," *United States v. All Funds on Deposit in Suntrust Account Number XXXXXXXX8359, In the Name of Gold and Silver Reserve, Inc.,* 456 F.Supp.2d 64, 65 (D.D.C. 2006) (quoting *U.S. v. One Assortment of Seventy–Three Firearms,* 352 F.Supp.2d 2, 4 (D.Me. 2005)), but also risks disclosure of confidential information, the Government's criminal strategy, and otherwise undiscoverable evidence. *See United States v. Real Prop. Located at 1 Cent. Park W., Unit 32G*, No. 24-2420, 2025 WL 1652113, at *2 (S.D.N.Y. May 20, 2025) (quoting United *States v. $845,130.00 of Funds Associated with Apex Choice Ltd.*, No. 18-2746, 2020 WL 6581781, at *2 (D.D.C. Nov. 10, 2020)).[4]

---

[4] The Government also argues that proceeding with civil discovery would unconstitutionally burden Castelluzzo's Fifth Amendment privilege against self-incrimination, as depositions and interrogatory responses would force him to choose between waiving the privilege or suffering adverse inferences in the ongoing civil forfeiture action. *See Volmar Distributors, Inc. v. New York Post Co.*, 152 F.R.D. 36, 39–40 (S.D.N.Y. 1993). Claimant correctly notes that the Fifth Amendment is not an enumerated basis for a stay under § 981(g)(1), which is available only to the Government, and that self-incrimination concerns are properly raised by a claimant under § 981(g)(2). Because the stay is independently

The Government has further supported its motion with an *ex parte* declaration submitted under seal pursuant to 18 U.S.C. § 981(g)(5). The Court has carefully reviewed that declaration and is satisfied that permitting civil discovery to proceed would unduly burden and adversely affect the ongoing criminal prosecution. *See United States v. $177,844.68*, No. 13-100, 2014 WL 4071054, at *8 (D. Nev. Aug. 15, 2014).

The Court has also considered whether a protective order could serve as a viable alternative to a stay and concludes that it cannot. A narrowly tailored protective order would not adequately insulate the Government's criminal case from the risks posed by civil discovery. *See United States v. $247,052.54*, No. 05-4798, 2007 WL 2009799, at *2–3 (N.D. Cal. July 6, 2007); *United States v. $25,290.00 in U.S. Currency*, No. 18-0213, 2019 WL 1924007, at *3 (N.D. Tex. Apr. 30, 2019) (finding that a protective order would leave the Government "stuck with the unreasonable position of having to either curtail its evidence in response to dispositive motions or prepare evidence and witnesses related to the criminal matter."). A stay, rather than a protective order, is the appropriate remedy here.

Finally, the Court is unpersuaded that granting the stay would violate due process. Claimant argues that the Government has held his property for over three years, including approximately sixteen months prior to filing the civil complaint, and that further delay occasioned by a stay would deny him a timely judicial determination of forfeitability. The Court acknowledges this concern; however, Claimant has not demonstrated that a delay of constitutional proportions has occurred or is likely to occur here. *See United States v. $12,204,262.89*, No. 24-01383, 2025 WL 1190773, at *9 (S.D. Ind. Apr. 23, 2025); *see also United States v. $20,000 in U.S. Currency*, 589 F. Supp. 3d

---

warranted under § 981(g)(1) based on the adverse effect that civil discovery would have on the Criminal Case, the Court need not address the Fifth Amendment argument.

240 (D.P.R. 2022) (nine-month delay between seizure and filing of civil forfeiture complaint did not constitute a due process violation); *but see United States v. $177,844.68 in U.S. Currency*, 2015 WL 355495, at *7 (D. Nev. 2015) (explaining that a stay of sufficiently extended duration could, in an appropriate case, implicate due process). Accordingly, the Court stays this matter pending disposition of the related criminal proceedings or further order of the Court.

## IV.    CONCLUSION

For the foregoing reasons, the Government's motion to stay (ECF No. 92) is **GRANTED**, and this matter is hereby **STAYED** pending the resolution of the related Criminal Case or further order of the Court. An appropriate Order accompanies this Opinion.

**DATED:** 3/23/2026

_____
JULIEN XAVIER NEALS
United States District Judge

8